IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ISRAEL WILLIAMS, JR., )
 Petitioner, )
vs. ) No.  3:07-CV-1939-L (BH)
 ) ECF
NATHANIEL QUARTERMAN, Director, ) Referred to U.S. Magistrate Judge
Texas Department of Criminal Justice )
Correctional Institutions Division, )
 Respondent. )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in

implementation thereof, subject cause has previously been referred to the United States

Magistrate Judge.  The findings, conclusions, and recommendation of the Magistrate Judge are

as follows:

## I.  BACKGROUND

Petitioner Israel Williams, Jr. filed a Petition for a Writ of Habeas Corpus under 28

U.S.C. § 2254 challenging his conviction for possession with intent to deliver a controlled

substance out of the Criminal District Court No. Three of Dallas County, Texas.  Petitioner was

found guilty by a jury and was sentenced to 25 years' incarceration in July 1991.  His conviction

was affirmed on November 25, 1992.  He did not file a petition for discretionary review.

Petitioner filed a state habeas application on July 26, 2006, which was denied by the Texas Court

of Criminal Appeals on October 10, 2007.

Petitioner filed his federal habeas petition on November 16, 2007 (the date he certified he

placed his petition in the prison mail system).  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir.

1998) ("[A] pro se prisoner's habeas petition is filed for purposes of determining the

applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.");
*Sonnier v. Johnson*, 161 F.3d 941 (5th Cir. 1998) (commissary print-out date could have been
date papers were delivered to prison authorities for mailing).

Petitioner complains that his 1991 conviction for possession with intent to deliver a
controlled substance was used for enhancement of punishment in 2003, when he pled guilty to
sexual assault and was sentenced to life imprisonment.[1]

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),
Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal
petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320,
326 (1997).  Because Petitioner filed the instant petition after its effective date, the Act applies to
his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus
actions.  One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C.
§ 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which
the judgment of conviction became final; (B) the date on which an impediment to filing an
application created by State action in violation of the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by such State action; (C) the date on which
the Supreme Court initially recognizes a new constitutional right and makes the right
retroactively applicable to cases on collateral review; or (D) the date on which the facts

---

[1]  Petitioner filed a federal habeas petition in Civil Action No. 3:06-CV-2074-K in the United States District Court for
the Northern District of Texas, Dallas Division on November 2, 2006, challenging his life conviction.  That petition was
dismissed as time-barred on April 14, 2008.

supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

For cases filed after the enactment of AEDPA on April 24, 1996, but attacking convictions which became final prior thereto, the Fifth Circuit has determined that inmates must be accorded a "reasonable time," presumptively consisting of one year from the effective date of the Act, within which to file their petitions for federal habeas review.  *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).  The reasonable time period expires on April 24, 1997. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).

Petitioner's conviction became final on December 25, 1992; therefore, his federal habeas petition was due April 24, 1997.

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  Further, Petitioner has failed to present any argument that he should be permitted to proceed under subparagraph (D).  Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final.

### III.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."  28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his

state habeas application was pending before the Texas state courts.  *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Under the tolling provisions in § 2244(d)(2), the AEDPA's one-year limitation period is tolled during the time when any properly filed state application for post-conviction or collateral review is pending in the state courts.  Thus, each day during which a "properly filed" application for collateral review is pending before the state courts is not counted and extends the limitation period by that number of days.  *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

Petitioner's state habeas application was filed after the AEDPA's limitation period expired; therefore, he is not entitled to tolling during the time that the state habeas application was pending.

Petitioner's federal habeas petition was filed on November 16, 2007, over ten years after the federal limitations period expired; therefore, his federal habeas petition is time-barred.

Nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration prior to AEDPA's passage, illiteracy, deafness, lack of legal training, and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations).

Because neither statutory nor equitable tolling save Petitioner's November 16, 2007

4

filing, his federal habeas petition was filed outside the statutory period of limitations and should be deemed untimely.

## IV.  EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DISMISS** it with prejudice.

**SIGNED this 8th day of May, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE