IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ISREAL WILLIAMS, JR.**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:07-CV-1939-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the court is Williams's Petition for Writ of Habeas Corpus, filed November 19, 2007. Pursuant to Special Order 3-251, the petition was referred to United States Magistrate Judge Irma C. Ramirez. Magistrate Judge Ramirez entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on May 8, 2008. After obtaining a thirty-day extension on the deadline to file his objections, Petitioner filed objections to the Report on June 18, 2008.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. The magistrate judge found that the petition was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that Petitioner was not entitled to statutory or equitable tolling.

Petitioner objects to the magistrate judge's finding that his Petition is time barred. He argues that his motion to test DNA evidence, filed June 26, 2006, constitutes "other collateral review" of the judgment under AEDPA and operates to toll the AEDPA one-year limitations period. As the magistrate judge correctly noted, for cases filed after the enactment of AEDPA on April 24, 1996, petitioners must file their habeas petitions by April 24, 1997. Assuming, without holding, that

Petitioner's DNA motion constitutes a collateral review of the judgment, it was filed on June 26, 2006, well after the expiration of the AEDPA limitations period. Therefore, Petitioner's DNA motion does not toll the AEDPA one-year limitations period in this case, and the court **overrules** this objection.

Having reviewed the petition, file, record, and the Report in this case, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses with prejudice** the writ of habeas corpus as barred by the one-year limitations period.

**It is so ordered** this 30th day of June, 2008.

Sam A. Lindsay
United States District Judge